IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-01477-BNB

GERALD R. HULSEY,

    Applicant,

v.

J. M. WILNER, Warden,

    Respondent.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

SEP 2 9 2008

GREGORY C. LANGHAM
                 CLERK

## ORDER OF DISMISSAL

Applicant Gerald R. Hulsey is a prisoner in the custody of the United States Bureau of Prisons (BOP) at the FCI in Florence, Colorado. Mr. Hulsey initiated this action by filing a *pro se* Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. In an order filed on August 1, 2008, Magistrate Judge Boyd N. Boland ordered Respondent to file a preliminary response limited to addressing the affirmative defense of exhaustion of administrative remedies. On August 20, 2008, Respondent filed a Preliminary Response, and Mr. Hulsey filed a Reply on September 2, 2008.

The Court must construe liberally Mr. Hulsey's Application and Reply because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Therefore, the Application and Reply are held to standards less stringent than those governing a formal pleading drafted by attorneys. *See id.* The Court, however, should not act as an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the action will be dismissed.

Mr. Hulsey raises three claims in his Application. In Claim One, he contends that he is entitled to 429 days of jail credit against his federal sentence for time that had not been credited to another sentence at the time of his sentence. In Claim Two, he asserts that he is entitled to credit against his sentence for the time from March 30, 2007, the date he was remanded to the U.S. Marshal's service, until May 19, 2008, the date he self-surrendered to the U.S. Marshal. He also asserts in Claim Two that he has been punished twice for the same offense. In Claim Three, he asserts that the sentencing court violated Fed. R. Crim. P. 43(a)(3) when a new commitment order was issued, and he and his counsel were not present when the court issued the order.

Applicant requests that his sentence properly be credited or vacated and that he be released. Mr. Hulsey concedes that although he filed a BP-8 request and a BP-9 appeal, he has not exhausted his administrative remedies in Claim One, because the records department and the time-computations bureau has informed him that he will not receive any credit on his sentence. As for Claim Two, he again asserts that he has filed a BP-8 request and BP-9 appeal but that he did not exhaust his remedies, because the BOP as stated there is nothing that can be done. Finally with respect to Claim Three, Mr. Hulsey simply states "none" in response to the question regarding what steps he has taken to exhaust his administrative remedies.

Applicant's double punishment claim and his Rule 43(a)(3) claim challenge the validity of his conviction. Only claims that challenge the execution of a sentence, such as Applicant's sentence credit claims, properly are raised in a § 2241 action. *See Montez v. McKinna*, 208 F.3d 862, 865 (10th Cir. 2000). The Court, therefore, will address only the sentence credit claims.

2

Respondent argues that this action should be dismissed because Mr. Hulsey has failed to exhaust administrative remedies. Exhaustion of administrative remedies is a prerequisite to federal habeas corpus relief pursuant to 28 U.S.C. § 2241. *See Williams v. O'Brien*, 792 F.2d 986, 987 (10th Cir. 1986). Mr. Hulsey concedes that he has not exhausted administrative remedies prior to filing the instant action. However, he argues that the exhaustion requirement should be excused because exhaustion of administrative remedies would be futile. Mr. Hulsey specifically argues that exhaustion would be futile because the BOP narrowly interprets 18 U.S.C. § 3585(b) and disallows credit for prior custody if a prisoner would receive double credit on two different sentences, even if the sentences were ordered to run concurrently. Applicant contends that he "knows the BOP is going to deny all of his administrative remedies." (Reply at 2.) Applicant further contends that he is being kept beyond the term of his federal sentence, and every day is vital to him.

Mr. Hulsey is correct that the exhaustion requirement may be waived if exhaustion would be futile. *See Fraley v. U.S. Bureau of Prisons*, 1 F.3d 924, 925 (9th Cir. 1993) (per curiam). However, he fails to convince the Court that exhaustion of administrative remedies would be futile in the instant action. Mr. Hulsey's conclusory and unsupported allegation that he knows the BOP will deny his administrative remedies is insufficient to demonstrate that exhaustion would be futile. *See Mackey v. Ward*, 128 F. App'x 676, 677 (10th Cir. 2005) ("[C]onclusory allegations that pursuit of administrative remedies would be futile . . . are insufficient to excuse [a] failure to exhaust."). If Mr. Hulsey is entitled to the relief he is seeking in this action, there is no

reason to believe that relief cannot be granted through the administrative remedy procedure.

Mr. Hulsey's argument that exhaustion would be futile because it takes too long, and he is being kept beyond his federal sentence, also lacks merit. The length of time that is required to exhaust administrative remedies is not related to the question of whether the relief being sought actually is available. As noted above, Mr. Hulsey fails to demonstrate that the relief he seeks is not available through the administrative remedy procedure. Furthermore, there is no reason to believe that administrative relief necessarily would take longer than relief through the courts. Otherwise, a prisoner could avoid exhausting administrative remedies. He simply could wait until it was possible to obtain immediate release, proceed to federal court, and argue that exhaustion would be futile.

For all of these reasons, the Court finds that Mr. Hulsey fails to demonstrate that exhaustion of administrative remedies would be futile. The instant action will be dismissed without prejudice for failure to exhaust administrative remedies.

The Court further notes that Mr. Hulsey has both a 28 U.S.C. § 2255 motion and a 18 U.S.C. § 3582(c)(2) motion pending in his criminal case, **United States v. Hulsey**, No. 06-cr-00365-REB-MEH (D. Colo. Apr. 2, 2007). In each of these motions, Mr. Hulsey raises the same claims that he asserts in the instant action. Even if Mr. Hulsey exhausts his administrative remedies, the Court will refrain from entertaining a new § 2241 action until after the sentencing court has disposed of both of the motions filed in Applicant's criminal case. Accordingly, it is

ORDERED that the Application is denied and the action is dismissed without prejudice for failure to exhaust administrative remedies.

DATED at Denver, Colorado, this 25 day of Sept., 2008.

BY THE COURT:

*[signature]*
ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 08-cv-01477-BNB

Gerald R. Hulsey
Reg. No. 33670-013
FCI - Florence
PO Box 6000
Florence, CO 81226

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 9/29/08

                                          GREGORY C. LANGHAM, CLERK

                                     By: _____
                                                 Deputy Clerk